IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TRICIA SAIRIE, INDIVIDUALLY AND ON BEHALF OF SIMILARLY SITUATED PERSONS,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM FINANCIAL ASSET MANAGEMENT, LLC, D/B/A ACHIEVE PERSONAL LOANS, AND FREEDOM DEBT RELIEF LLC,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § §   CIVIL ACTION NO. 4:25-CV-00559-JDK-JDL |

### DEFENDANTS' RULE 12(b)(6) PARTIAL MOTION TO DISMISS

Defendants Freedom Financial Asset Management, LLC d/b/a Achieve Personal Loans and Freedom Debt Relief LLC (collectively, "Defendants") file this Partial Motion to Dismiss Plaintiff Tricia Sairie's ("Plaintiff") Complaint (Doc. 1) pursuant to Federal Rules of Civil Procedure 12(b)(6), and would respectfully show the Court as follows:

#### I. INTRODUCTION

Dismissal of Plaintiff's claims under the Americans with Disabilities Act of 1990 ("ADA") is warranted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff failed to file suit within 90 days of receipt of her right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC"), issued on February 25, 2025. Plaintiff filed her Complaint on May 27, 2025—91 days after she received the EEOC's February 25, 2025 right-to-sue notice

and after the 90-day period for her to file a civil suit alleging claims under the ADA expired. (Doc. 1.) Therefore, Plaintiff's ADA claims are time-barred and should be dismissed.

## II. BACKGROUND

On January 10, 2025, Plaintiff filed a Charge of Discrimination with the EEOC alleging discrimination based on sex and disability. (Request for Judicial Notice ["RJN"], Ex. A at pp. 038–40.) On February 23, 2025, Plaintiff filed an Amended Charge with additional factual allegations. (RJN, Ex. A at pp. 049–50.) On February 25, 2025, the EEOC dismissed Plaintiff's Charge and issued a right-to-sue notice to Plaintiff. (RJN, Ex. A at pp. 054–58.) The EEOC's February 25, 2025 right-to-sue notice clearly stated:

> This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** . . . Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. . . .

(RJN, Ex. A at p. 054 [emphasis in original].) Plaintiff received the notice the same day it was issued on February 25, 2025. (RJN, ¶ 2.)

Plaintiff filed her Complaint including claims for disability discrimination under the ADA on May 27, 2025—91 days after she received the EEOC's February 25, 2025 right-to-sue notice. (Doc. 1.) Because Plaintiff filed her ADA claims after the 90-day statute of limitations, those claims are subject to dismissal with prejudice.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims alleged in the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*,

495 F.3d 191, 205–06 (5th Cir. 2007). Such a motion should be granted where "even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

"When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (citation omitted).

Although Plaintiff conspicuously does not reference filing an EEOC charge in her Complaint, the Court may take judicial notice of Plaintiff's EEOC file as a matter of public record. *Woods v. Delta Air Lines, Inc.*, No. 3:24-CV-01759-B-BW, 2025 WL 966922, at *5–6 (N.D. Tex. Feb. 27, 2025), *report and recommendation adopted*, No. 3:24-CV-1759-B-BW, 2025 WL 963371 (N.D. Tex. Mar. 31, 2025) (taking judicial notice of records in the plaintiff's EEOC file even though she did not allege she filed an EEOC charge in her complaint); *see also Fuhr v. City of Sherman, Texas*, No. 4:21-CV-549-SDJ, 2022 WL 828926, at *2 (E.D. Tex. Mar. 18, 2022) (noting the court may consider an EEOC charge on a 12(b)(6) motion to dismiss "because it is a matter of public record of which the Court may take judicial notice"); *West v. R&K Enter. Sols.*, No. 3:23-CV-1371-G-BN, 2024 WL 3891533, at *5 (N.D. Tex. July 19, 2024), *adopted*, 2024 WL 3891838 (N.D. Tex. Aug. 21, 2024) (quoting *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011) ("Even though the EEOC charge is a matter outside the pleading, judicial notice of it may be taken as a matter of public record when deciding a Rule 12(b)(6) motion, especially since its

authenticity is uncontested."); *Bustos v. United Parcel Serv., Inc.*, No. CV H-19-2979, 2020 WL 2529384, at *3 (S.D. Tex. Apr. 29, 2020) (taking judicial notice of EEOC charge when deciding Rule 12(b)(6) motion), *adopted*, 2020 WL 2528540 (S.D. Tex. May 18, 2020); *Hernandez v. Univ. of Tex.-Pan Am.*, No. 7:17-CV-197, 2017 WL 6444957, at *3 (S.D. Tex. Aug. 10, 2017) (taking judicial notice of EEOC charge and intake questionnaire in deciding Rule 12(b)(6) motions).

### IV.   ARGUMENT AND AUTHORITIES

**A.  Plaintiff's ADA Claims Are Untimely and Subject to Dismissal.**

Before an individual can pursue an ADA claim in federal court, she must exhaust her available administrative remedies by timely filing a charge with the EEOC and receiving a statutory notice of right to sue. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002); *Young v. Martin Marietta Materials Inc.*, No. 6:22-CV-00272-JCB, 2022 WL 18109693, at *3 (E.D. Tex. Nov. 8, 2022), *report and recommendation adopted*, No. 6:22-CV-00272, 2023 WL 36069 (E.D. Tex. Jan. 4, 2023) ("A plaintiff in . . . [a] disability discrimination case must exhaust administrative remedies before pursuing claims in federal court."). ADA claims are governed by a statute of limitations that requires suit to be brought within 90 days of a plaintiff's receipt of the right-to-sue notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The 90-day statutory period is strictly construed and "is a precondition to filing suit in district court." *Taylor*, 296 F.3d at 379 (quotation omitted).

"The 90-day period is triggered when the plaintiff receives the right-to-sue letter." *Johnson v. Seagrave Compress -Trinity Co.*, No. 5:23-CV-209-H-BQ, 2024 WL 2191978, at *2 (N.D. Tex. Mar. 5, 2024), *adopted*, 2024 WL 1597751 (N.D. Tex. Apr. 12, 2024), *aff'd sub nom. Johnson v. Seagraves Compress, Trinity Co.*, No. 24-10425, 2024 WL 4119367 (5th Cir. Sept. 9, 2024); *see also Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 740 (S.D. Tex. 2003) ("[T]he ninety-

day period [begins] on the date that notice is received at the address supplied to the EEOC by the claimant." (internal quotation marks and citations omitted)). Any claims brought outside the 90-day limitations period should be dismissed. *Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 445 (W.D. Tex. 2013).

Here, the EEOC dismissed Plaintiff's Charge and issued a right-to-sue notice on February 25, 2025. (RJN, Ex. A at p. 054.) Plaintiff received the right-to-sue letter that same day. (RJN, ¶ 2.) Despite the bolded and capitalized notice to Plaintiff that she was required to file her lawsuit within 90 days after receipt, Plaintiff waited until May 27, 2025—91 days later—to file the Complaint. Plaintiff's ADA claims are, therefore, time-barred and dismissal is required. *Taylor*, 296 F.3d at 380 (affirming the district court's dismissal of an employment discrimination claim "because [plaintiff] did not file his complaint until . . . one day beyond the ninety-day period").

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court dismiss Plaintiff's ADA claims with prejudice.

Respectfully submitted,

/s/ _____
John B. Brown
TX 00793412
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
john.brown@ogletree.com
Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX  75225
214-987-3800; 214-987-3927 (Fax)

Catherine N. Van Farowe (*admitted pro hac vice*)
AZ 038555
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
catherine.vanfarowe@ogletree.com
2415 E. Camelback Road, Suite 800
Phoenix, AZ  85016
602-778-3700; 602-778-3750 (Fax)


ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      I hereby certify that on this 12th day of September, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ _____
Catherine N. Van Farowe