IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **TRICIA SAIRIE,** individually and on behalf of similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> **FREEDOM FINANCIAL ASSET MANAGEMENT, LLC, D/B/A ACHIEVE PERSONAL LOANS, and FREEDOM DEBT RELIEF, LLC,** <br><br> Defendants. | Case No.:   4:25-cv-00559-JDK-JDL |

## RESPONSE TO DEFENDANTS' RULE 12(b)(6) PARTIAL MOTION TO DISMISS

### I.   INTRODUCTION

On September 12, 2025, Defendants filed their Rule 12(b)(6) Partial Motion to Dismiss, seeking dismissal of Plaintiff's claims under the Americans with Disabilities Act of 1990 ("ADA") on a single basis: that her ADA claims are allegedly time-barred. (ECF No. 13). Defendants allege that Plaintiff filed her Complaint a single day outside of the ADA's 90-day statute of limitations. *See Id*. Defendants, however, conveniently fail to mention in their Motion that the 90th day after the Equal Employment Opportunity Commission ("EEOC") issued its right-to-sue notice to Plaintiff was a legal holiday. Thus, Plaintiff filing her Complaint the next day after a legal holiday was timely, and Defendants' Motion must be denied.

### II.   STANDARD OF REVIEW

"Rule 12(b)(6) allows dismissal if a plaintiff fails 'to state a claim upon which relief can be granted.'" *Boshears v. Polaris Engineering*, Case No. 3:22-cv-00053, 2023 WL 2844930, at *2

(S.D. Tex. Mar. 27, 2023) (quoting Fed. R. Civ. P. 12(b)(6)). "In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true." *Mackie v. Post, Buckley, Schuh & Jernigan, Inc.*, Case No. AS-09-CV-737-XR, 2010 WL 538234, at *1 (W.D. Tex. Feb. 5, 2010) (citing *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993)). A claim should not be dismissed so long as there are "'enough facts to state a claim to relief that is plausible on its face.'" *Bunch v. Mollabashy*, Case No. 3:13-CV-1075-G (BH), 2015 WL 1378698, at *5 (N.D. Tex. Mar. 26, 2015) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether a claim is plausible is "'a context[-]specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Paselk v. Texas*, Case No. 4:13-CV-97, 2013 WL 6187005, at *6 (E.D. Tex. Nov. 26, 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "In evaluating a motion to dismiss, '[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Hanktem v. City of Indianola, Mississippi*, Case No. 4:23-CV-151-DMB-JMV, 2024 WL 420138, at *1 (N.D. Miss. Feb. 5, 2024) (quoting *Serrano v. Customs & Border Patrol*, 975 F.3d 488, 496 (5th Cir. 2020) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010))).

### III.   ARGUMENT

"Under . . . the ADA . . . a plaintiff has ninety days to bring suit in federal court after receipt of a statutory notice of right to sue from the EEOC." *January v. Tex. Dep't of Crim. Just.*, 760 F.App'x 296, 299 (5th Cir. 2019) (citing 42 U.S.C. § 2000-e5(f)(1); 42 U.S.C. § 12117(a)). "In assessing the timeliness of a[n] . . . ADA claim, the court excludes the 'day of the event that triggers the period,' counts 'every day including intermediate Saturdays, Sundays, and legal holidays,' and

includes the 'last day of the period, but if the last day is a Saturday . . . the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.'" *Williams v. TH Healthcare Limited*, 784 F.App'x 290, 290-91 (5th Cir. 2019) (quoting Fed. R. Civ. P. 6(a)(1)). A legal holiday is defined as "the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, . . . any day declared a holiday by the President or Congress; and for periods that are measured after an event, any other day declared a holiday by the state where the district court is located." Fed. R. Civ. P. 6(a)(6). Congress has declared that "[t]he last Monday in May is Memorial Day." 36 U.S.C. § 116(a). The United States District Court for the Eastern District of Texas recognized Monday, May 26, 2025, as Memorial Day for this year. *See* https://www.txed.uscourts.gov/?q=court-holidays (last accessed September 26, 2025).

Defendants' sole argument in their Motion can be summarized in this way: "Plaintiff filed her Complaint including claims for disability discrimination under the ADA on May 27, 2025—91 days after she received the EEOC's February 25, 2025 right-to-sue notice. (Doc. 1.). Because Plaintiff filed her ADA claims after the 90-day statute of limitations, those claims are subject to dismissal with prejudice." (ECF No. 13, p. 2). This argument is wholly unavailing though because 90 days after the EEOC issued its right-to-sue notice to Plaintiff on February 25, 2025, was Monday, May 26, 2025, which was Memorial Day.[1] *See, e.g.*, *Lee v. Delta Air Lines Inc.*, Case No. CV 20-8754-CBM-(JEMx), 2021 WL 4497209, at *4 n.3 (C.D. Cal. Aug. 23, 2021) ("90 days

---

[1] Plaintiff requests that the Court take judicial notice that Monday, May 26, 2025, was Memorial Day, which is a federal holiday. Under Federal Rule of Evidence 201(b), a federal court may take judicial notice of facts that are "generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See also Lee*, 2021 WL 4497209, at *3 ("The Court may take judicial notice of the 2020 calendar because its accuracy is not subject to reasonable dispute.").

Page - 3

from September 25, 2020 would have been December 24, 2020, which was a holiday, and therefore the last day for Plaintiff to file her Title VII and ADA claims would have been the next business day, which was December 28, 2020."); *see also Redus v. Revenue Cycle Service Center, LLC*, Case No. 3:22-cv-01029, 2023 WL 9509050, at *5 (M.D. Tenn. Sept. 18, 2023) (listing cases calculating the final day of the 90-day time period pursuant to Fed. R. Civ. P. 6(a)).

As recognized by a federal court in the Western District of Texas, "[t]he Fifth Circuit follows the 'majority rule' to apply Rule 6 of the Federal Rules of Civil Procedure to compute the time periods contained in federal statutes of limitations." *Johnson v. Federal Information Systems, Inc.*, Case No. SA-22-CV-00796-XR, 2022 WL 4298458, at *4 (W.D. Tex. Sept. 16, 2022) (citing *In re Gotham Provision Co., Inc.*, 669 F.2d 1000, 1014 (5th Cir. 1982); *Lawson v. Conyers Chrysler, Plymouth, & Dodge Trucks, Inc.*, 600 F.2d 465, 465-66 (5th Cir. 1979)); *see also Hanktem*, 2024 WL 420138, at *2 (quoting *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998)) ("'This Court has consistently used Federal Rule of Civil Procedure 6(a)'s method for computing federal statutory time limitations.") (collecting cases) (cleaned up).

Defendants cannot dispute that 90 days after the EEOC issued its right-to-sue notice to Plaintiff on February 25, 2025, was Monday, May 26, 2025, nor can they reasonably dispute that Monday, May 26, 2025, was Memorial Day. The Fifth Circuit has already recognized that Federal Rule of Civil Procedure 6 applies when assessing the timeliness of an ADA claim. *See Williams v. TH Healthcare Limited*, 784 F.App'x 290, 290-91 (5th Cir. 2019). "The relevant portion of Rule 6 states that to compute time, the 90-day period 'excludes the day of the event that triggers the period,' and '[i]nclude[s] the last day of the period, but if the last day of the period is a Saturday, Sunday, [or] legal holiday, the period continues to run until the end of the next day that is not a

Saturday, Sunday, or legal holiday.'" *Johnson v. Federal Information Systems, Inc.*, 2022 WL 4298458, at *4 (quoting Fed. R. Civ. P. 6(a)(1)(A)&(C)).

Here, the last day of Plaintiff's 90-day period was Memorial Day, which is a legal holiday. *See* Fed. R. Civ. P. 6(a)(6); *see also* 36 U.S.C. § 116(a). Accordingly, Plaintiff filing her Complaint on Tuesday, May 27, 2025 (ECF No. 1), the next business day after Memorial Day, was proper and timely. *See, e.g.*, *Lee*, 2021 WL 4497209, at *4 n.3; *see also Favaloro v. BJC Healthcare*, Case No. 4:14-cv-284-CAS, 2015 WL 6531867, at *2 (E.D. Mo. Oct. 28, 2015) ("Plaintiff's date to file suit fell on a Saturday; the next day was Sunday; and the following day was Monday, February 17, 2014, which was Washington's Birthday, a legal holiday under Federal Rule 6(a)(6). While defendants are correct that the EEOC issued its notice on November 14, 2013, plaintiff had until Tuesday, February 18, 2014 to file suit under Title VII and the ADA."). Defendants' argument to dismiss Plaintiff's ADA claims is therefore meritless and unsupported.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendants' Motion in its entirety.

Respectfully submitted,

/s/ *Colby Qualls*

**FORESTER HAYNIE PLLC**
**Colby Qualls**
Ark. Bar No. 2019246
10800 Financial Centre Pkwy, Ste. 510
Little Rock, AR 72211
(214) 210-2100 phone
cqualls@foresterhaynie.com

**ATTORNEY FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September 2025, the foregoing was served on all parties of record through the Court's CM/ECF system.

/s/ *Colby Qualls*
**Colby Qualls**
